UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

MOSHE NELKENBAUM,

                      Debtor.
-----------------------------------------------------------x

Presentment Date:
July 23, 2019

Chapter 13

Case No. 19-40248 (ESS)

### DEBTOR'S OPPOSITION TO THE SECURED CREDITOR'S MOTION FOR STAY RELIEF, AND CROSS MOTION TO IMPOSE THE AUTOMATIC STAY TO THE EXTENT NECESSARY

Moshe Nelkenbaum, the Debtor herein, by his attorneys, Goldberg Weprin Finkel Goldstein LLP, as and for his Opposition to the Motion of JDP Mortgage LLC ("JDP") seeking relief from the automatic stay, and, to the extent necessary, in support of a Cross Motion to impose the automatic stay, respectfully states and alleges as follows:

**Preliminary Statement**

1. The Debtor is sincerely interested in pursuing his Chapter 13 case, and is working diligently to confirm a viable plan to satisfy the secured claim of JDP.

2. To this end, the Debtor has filed a proposed plan, sought and obtained an Order directing the Debtor and JDP to negotiate their issues in the Court's Loss Mitigation program, and has remained current on his plan payments in the amount of $4,406.68.

3. JDP moves for relief from the stay pursuant to Section 362(c)(3)(A), which provides for the termination of the stay on the ground of a previous bankruptcy filing unless the Court re-imposes the stay. The Debtor submits that this Section should not be applied by the Court under the facts and circumstances of this case, or, alternatively, to the extent necessary, the automatic stay should be imposed by the Court.

## Background

4. The Debtor lives with his wife and eight children at 1826 East 14th Street in Brooklyn. The house, which has a fair value of approximately $550,000, is subject to a mortgage currently held by JDP in the approximate amount of $1,140,000.

5. The mortgage has been in foreclosure, and the Debtor has been attempting to restructure the mortgage, a process which has been complicated by several transfers of the mortgage and note.

6. In February, 2018, an involuntary petition was filed against the Debtor under Case No. 18-40706 by an individual and a corporation, both of whom are unknown to the Debtor. The involuntary petition was never served upon the Debtor and was subsequently dismissed by this Court for failure to prosecute by Order dated April 18, 2018

7. In early January, 2019, the Debtor retained the undersigned to file a Chapter 13 case to try to implement a mortgage restructuring program proposed by the prior mortgage holder.

8. The current petition was filed in good faith, and is supported by a complete set of schedules and statements. The Debtor attended the Section 341 meeting and provided a number of documents requested by the Trustee, including statements from his mother and his non-debtor spouse committing them to provide financial support to the Debtor's plan, with proof of their financial wherewithal to do so.

9. Only two creditors filed claims, the City of New York for real estate taxes, which the Debtor believes are overstated, having been paid in part by a prior mortgage holder, and JDP. At the Trustee's suggestion, the Debtor amended his plan to address these two claims and has made all required monthly payments in the amount of $4,406.86 pursuant to that plan.

10. The Debtor also commenced a Loss Mitigation to try to work out the restructuring of the mortgage.

11. Accordingly, the Debtor is taking all necessary and proper steps to move this Chapter 13 case toward confirmation of a viable plan that will permit the Debtor and his family to remain in their house.

**The Stay Should Remain in Effect, or, to the Extent Necessary, be Re-imposed**

12. Section 362(c)(3)(A) was designed to deal with bad faith serial filers, which does not include the Debtor. The Debtor respectfully submits this petition was filed in good faith and he deserves an opportunity to see if a plan can be confirmed.

13. Importantly, both Section 362 and Section 105 of the Bankruptcy Code grant this Court the power to impose the automatic stay even in the event that the stay otherwise terminates under Section 362(c)(3)(A). Indeed, Section 362(c)(4) permits the Court to impose a stay after two or more filings within a single year upon a demonstration that "the filing of the later case is in good faith as to the creditors to be stayed."

14. Accordingly, the Debtor respectfully submits that the stay should be found to be in full force and effect, or, alternatively, that the automatic stay should be imposed during the pendency of this Chapter 13 case while the Debtor seeks confirmation of his amended plan. To this end, and to the extent necessary, the Debtor respectfully requests that the Court treat this opposition as a Cross Motion and schedule a hearing to consider appropriate relief.

15. The Debtor has been faithfully fulfilling his duties in this case, has been making his plan payments, and has every intention of confirming and completing a plan that will save his residence. He respectfully requests the opportunity to do so.

WHEREFORE, the Debtor respectfully prays for the entry of an Order consistent with the foregoing.

Dated: New York, New York
      July 10, 2019

                                GOLDBERG WEPRIN
                                FINKEL GOLDSTEIN, LLP
                                Attorneys for the Debtor
                                1501 Broadway, 22nd Floor
                                New York, New York 10036
                                (212) 221-5700

                              By:    /s/ J. Ted Donovan, Esq.