UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------

In re:                                                          Chapter 13
                                                                Docket No.: 19-40248-ess

       Moshe Nelnkenbaum,

Debtor
-----------------------------------------------------------

## AFFIRMATION IN FURTHER SUPPORT OF APPLICATION FOR AN ORDER PURSUANT TO BANKRUPTCY CODE §§362(c)(3)(A) and 362(j) AND IN OPPOSITION TO MOTION TO KEEP STAY

Rafi Hasbani, Esq., an attorney duly admitted to practice before the United States Bankruptcy Court for the Eastern District of New York, states the following under the penalty of perjury:

1.     I am an attorney with Hasbani & Light, P.C., attorneys for JDP Mortgage, LLC (the "Secured Creditor"), a secured creditor of Moshe Nelkenbaum (the "Debtor") and as such, am fully familiar with the facts and circumstances contained herein.

2.     The Secured Creditor is a secured creditor of the Debtor by virtue of a Note and Mortgage dated July 26, 2005 secured by the real property commonly known as 1826 East 14th Street, Brooklyn, NY 11229 (the "Mortgaged Premises").

3.     I submit the within Affirmation in further support of entry of the annexed proposed order declaring that the automatic stay has been terminated as of February 14, 2019, the 30th day after filing of the instant bankruptcy case, as the instant case represents the second bankruptcy by Debtor in a period of less than one year wherein the prior filing was dismissed.

## THE STAY IMPOSED BY THE BANKRUPTCY SHOULD BE DEEMED LIFTED 30 DAYS AFTER THE FILING OF THIS PETITION

4.     The Court's, including the EDNY have repeatedly held, when a second bankruptcy is filed by or against a debtor within one year, the stay affecting an action filed prior to the

bankruptcy regarding property secured by a debt, the stay is lifted after thirty (30) days of the filing. *In re Bender*, 562 B.R. 578 (E.D.N.Y. 2016); *In re Lemma*, 393 B.R. 299 (E.D.N.Y. 2008); *In re Murphy*, 346 B.R. 79 (S.D.N.Y. 2006).

5. The Court in *Bender* broke down 362(c)(3)(A) to nine parts.

> 1. If a single or joint case is filed by ... a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1–year period but was dismissed...
> 2. The stay under subsection (a)
> 3. With respect to any action taken
> 4. With respect to a debt
> 5. Or property securing such debt
> 6. Or with respect to any lease
> 7. Shall terminate
> 8. With respect to the debtor
> 9. On the 30th day after filing of the later case.
>
> *Id.*

6. The Court further held:

> The fourth, fifth and sixth phrases—"with respect to a debt" "or property securing such debt" "or with respect to any lease"—are often overlooked in the § 362(c)(3)(A) analysis. In this Court's view, these phrases are pivotal to interpreting the statute. It is significant that these phrases do not distinguish between "property of the estate" or "property of the debtor" or "leases of the estate" or "leases of the debtor." Rather, the focus is solely on the "lease" and on the "property" and the fact that it serves as collateral for a debt, regardless of whether it is property of the estate or property of the debtor. These phrases further support the conclusion that § 362(c)(3)(A) was intended to apply where the debtor is a repeat filer and where a secured creditor's or lessor's judicial administrative or other proceeding against specific property have been stayed by the most recent filing. If there was a judicial or administrative or other proceeding as to specific property commenced pre-petition, these phrases tell us that the stay is lifted on the 30th day under § 362(c)(3)(A) to allow that proceeding to go forward as to a debt, property securing such debt and leases.
> *Id.*

7. In the case at hand, Secured Creditor had its foreclosure action, to foreclose on Debtor's property known as 1826 East 14th Street, Brooklyn, NY 11229 filed on December 4, 2014. The foreclosure action was clearly filed before the within bankruptcy; therefore, Creditor's motion to confirm the termination of the stay must be granted.

8.      Furthermore, Debtor alleges that 362(c)(3)(A) is only meant for bad faith serial filers and that Debtor is not. However, the first bankruptcy was filed on the day a motion for judgment of foreclosure and sale was marked final, after multiple adjournments, which Debtor did not oppose. The second bankruptcy was filed a day before the second motion for judgment of foreclosure and sale was marked final, after multiple adjournments, which Debtor did not oppose.

9.      Debtor is clearly filing these bankruptcies to delay Creditor's ability to complete its foreclosure action. Debtor has not attempted to resolve the foreclosure action in any manner, and has not applied for loss mitigation in over two (2) years.

10.     Lastly, Creditor objects to Debtor's relief seeking that the stay remain in place. 11 U.S.C. 362(c)(3) provides "for the termination of the automatic stay imposed by section 362(a) unless a debtor brings on a motion to extend the automatic stay *prior* to the thirtieth day after the filing date." (*emphasis added*) 11 U.S.C. 362(c)(3) ; *In re Lemma*, 393 B.R. 299 (E.D.N.Y. 2008).

11.     Debtor has not requested this relief until July 10, 2019, nearly six (6) months after the bankruptcy was filed; therefore, the application is late and should not be considered by the Court.

DATED:     New York, New York
           August 2, 2019

/S/
Rafi Hasbani, Esq.

To:
J Ted Donovan
Goldberg Weprin Finkel Goldstein, LLP
Attorneys for Debtor
1501 Broadway, 22nd Fl
New York, NY 10036

Marianne DeRosa
Office of the Chapter 13 Trustee
100 Jericho Quadrangle, Suite 127
Jericho, NY 11753